UNITED STATES DISTRIC COURT
DISTRICT OF MAINE

CIVIL ACTION NO.2:21-cv-00254-NT

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION<br><br>Plaintiff<br><br>v.<br><br>BENJAMIN CAMPO SPECIAL ADMINISTRATOR OF THE ESTATE OF JEFFREY BLACKWELL AND STATE OF MAINE – MAINE REVENUE SERVICES,<br><br>Defendant | DEFENDANT'S ANSWER TO FIRST COMPLAINT FOR FORECLOSURE<br><br>TITLE TO REAL ESTATE INVOLVED |

**15 Watchic Road 4, Standish, Maine, 04084**
**Mortgage recorded in Cumberland County Registry of Deeds in Book 24210, Page 110**

-------------------------------------------------------

NOW COMES the Defendant, Benjamin P. Campo, Jr., Esq., Special Administrator for the Estate of Jeffrey Blackwell, by and through its attorneys, Douglas McDaniel & Campo LLC, and answers Plaintiff's Complaint for Foreclosure ("Plaintiff's Complaint") as follows:

## JURISDICTION AND VENUE

1. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and hereby denies the same.

2. Defendant is without knowledge to form a belief to the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and hereby denies the same.

## PARTIES

3. Defendant is without knowledge to form a belief to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and hereby denies the same.

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant is without knowledge to form a belief to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and hereby denies the same.

6. Defendant is without knowledge to form a belief to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and hereby denies the same.

### FACTS

7. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and hereby denies the same in part, and admits the appointment made by Cumberland County Probate Court of same Paragraph of the Plaintiff's Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and hereby denies the same in part, and admits the appointment made by Cumberland County Probate Court of same Paragraph of the Plaintiff's Complaint.

9. Defendant asserts the Note attached as Exhibit B to the Plaintiff's Complaint speaks for itself, but lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore denies the same.

10. Paragraph 10 is a legal conclusion, in so much an answer is required, Defendant denies the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint, and hereby denies the same.

12. Defendant asserts the Mortgage attached as Exhibit C to the Plaintiff's Complaint speaks for itself, but lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

13. Defendant asserts the Assignments attached as Exhibit D to the Plaintiff's Complaint speaks for itself, but lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and hereby denies the same.

15. Paragraph 15 is a legal conclusion, in so much an answer is required, Defendant denies the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiff's Complaint, and hereby denies the same.

17. Paragraph 17 is a legal conclusion, in so much an answer is required, Defendant denies the allegations contained in Paragraph 17 of The Plaintiff's Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of Plaintiff's Complaint, and hereby denies the same.

19. Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations contained in Paragraph 19 of the Plaintiff's Complaint, and hereby denies the same.

20. Paragraph 20 is a legal conclusion, in so much an answer is required, Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21. Paragraph 21 is a legal conclusion, in so much an answer is required, Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22. Paragraph 22 is a legal conclusion, in so much an answer is required, Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

## COUNT I – FORECLOSURE

23. Defendant repeats and restates paragraph 1 through 22, as if fully set forth herein.

24. Paragraph 24 is a legal conclusion, in so much an answer is required, Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25. Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations contained in Paragraph 25 of the Plaintiff's Complaint, and hereby denies the same.

26. Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations contained in Paragraph 26 of the Plaintiff's Complaint, and hereby denies the same.

27. Paragraph 27 is a legal conclusion, in so much an answer is required, Defendant denies the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28. Paragraph 28 is a legal conclusion, in so much an answer is required, Defendant denies the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29. Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations contained in Paragraph 29 of the Plaintiff's Complaint, and hereby denies the same.

30. Paragraph 30 is a legal conclusion, in so much an answer is required, Defendant denies the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31. Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations contained in Paragraph 31 of the Plaintiff's Complaint, and hereby denies the same.

32. Defendant admits the allegation contained in Paragraph 32 of the Plaintiff's Complaint.

## COUNT II – UNJUST ENRICHMENT

33. Defendant repeats and restates paragraph 1 through 32, as if fully set forth herein.

34. Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations contained in Paragraph 34 of the Plaintiff's Complaint, and hereby denies the same.

35. Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations contained in Paragraph 35 of the Plaintiff's Complaint, and hereby denies the same.

36. Paragraph 36 is a legal conclusion, in so much an answer is required, Defendant denies the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37. Paragraph 37 is a legal conclusion, in so much an answer is required, Defendant denies the allegations contained in paragraph 37 of the Plaintiff's Complaint.

WHEREFORE, the Special Administrator Defendant prays that this Honorable Court respectfully dismiss this action and grant any such relief that he Court may deem necessary and proper under the circumstances.

Respectfully submitted,

Dated: <u>December 16, 2021</u>  /s/Benjamin P. Campo, Jr.
Benjamin P. Campo, Jr. – Maine Bar #9334
Attorney/Special Administrator for the Estate
of Jeffrey Blackwell
<u>bcampo@douglasmcdaniel.com</u>

DOUGLAS MCDANIEL & CAMPO LLC PA
90 Bridge Street, Suite 100
Westbrook, ME 04092
(207) 591-5747